# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2026

Lyle W. Cayce
Clerk

No. 25-40265
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mayela Saby Cantu,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:24-CR-787-1

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Mayela Saby Cantu appeals the sentence imposed following her guilty plea conviction for wire fraud, arguing that the district court erred in applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) for use of sophisticated means. Where, as here, claims of error have been preserved for appeal, we review the district court's application of the Sentencing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40265

Guidelines de novo and its factual findings for clear error. *United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013). Whether an offense involved sophisticated means is a factual finding reviewed for clear error. *United States v. Miller*, 906 F.3d 373, 376-77 (5th Cir. 2018). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Valdez*, 726 F.3d at 692.

In view of the various suggestions and actions that Cantu took to devise the scheme, including the creation of a fictitious email account and fraudulent lien release documents, it is plausible in light of the record as a whole that her offense involved sophisticated means. *See Valdez*, 726 F.3d at 692, 695. Cantu's preparation of false documents supports the district court's finding that she used sophisticated means. *See United States v. Chon*, 713 F.3d 812, 822-23 (5th Cir. 2013). We have upheld the application of this enhancement based on behavior similar to Cantu's scheme to use a fictitious email address to pose as a third party. *See United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008); *United States v. Wright*, 496 F.3d 371, 379 (5th Cir. 2007). The district court did not clearly err by imposing the two-level sophisticated means enhancement under § 2B1.1(b)(10)(C). *See Conner*, 537 F.3d at 492; *Wright*, 496 F.3d at 379.

AFFIRMED.